UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EMMANUEL PATTERSON,

        Petitioner,

    v.

JAMES P. THOMPSON,

        Respondent

17-CV-846
ORDER

_____

On August 28, 2017, Emmanuel Patterson filed a *pro se* petition for a writ of habeas corpus.  Docket Item 1.  On November 3, 2017, this Court transferred Patterson's petition to the United States Court of Appeals for the Second Circuit. Docket Item 5.  On February 6, 2018, the Second Circuit issued a mandate denying Patterson leave to file a successive 28 U.S.C. § 2254 petition "to the extent [Patterson] raises claims challenging his 1979 conviction and sentence."  Docket Item 6 at 1.  But the mandate also provided that "[t]o the extent that [Patterson] raises claims challenging the decisions of the New York State Parole Board denying him parole," the motion for leave to file a successive 28 U.S.C. § 2254 petition was "unnecessary" because those claims "do not challenge the same judgment that was challenged in [Patterson's] first petition and, therefore, are not necessarily successive within the meaning of § 2244(b)." *Id.* at 2.  The Second Circuit therefore directed this Court to "determine in the first instance whether Petitioner's challenge to the Parole Board's parole decisions on the grounds that the 1979 sentence was illegal should be treated as successive, in whole or

part, because the true target of the challenge is the original sentence.  The district court may require the filing of an amended petition." *Id.*

Accordingly, on May 25, 2018, this Court ordered that Patterson file an amended petition and a memorandum of law within thirty days.  Docket Item 8.  Patterson did not comply with that order.  Between that time and July 8, 2019, Patterson submitted only a letter informing the Court of a change of his address and requesting a status update.  Docket Item 10.  And around that time, this Court learned that Patterson had been released on parole.  *See* Docket Item 11.  So on July 8, 2019, this Court ordered Patterson to show cause why this case should not be dismissed for failure to prosecute and why his claim was not moot in light of his release on parole.  *Id.* at 2.

On August 4, 2019, Patterson responded.  Docket Item 12.  He claims that he did not file an amended complaint because he did not have notice of this Court's order requiring him to do so.  *Id.* at 2-3.  And Patterson says that if he did receive this Court's order, he "did not know and understand it meant to submit an amended petition and memorandum of law." *Id.* at 3.

Even assuming that his reasons are sufficient to excuse his failure to prosecute, Patterson does not adequately explain why the remaining questions have not been mooted by his release on parole.  In response to that question, Patterson says only that his

> release from imprisonment to parole supervision does not cause [his] claim, the "Jurisdiction issue," to be moot. . . . It is [his] understanding that the Second Circuit's mandate left the "jurisdiction issue," the second claim in the habeas petition by petitioner, for this Court to resolve. . . . [T]he question of jurisdiction remains, precluding the case from being moot because of release from imprisonment to parole supervision, the heart of the jurisdiction challenge.

Docket Item 12 at 3-4.

"When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2[,] of the U.S. Constitution." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). That will depend on whether release from custody is the only relief to which the petitioner may be entitled. "Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Id*.

In this case, the Second Circuit denied Patterson leave to file a second or successive petition challenging his conviction. Docket Item 6. The case remains open on remand from the Second Circuit only so that this Court may determine whether Patterson "raises [legitimate] claims challenging the decisions of the New York State Parole Board denying him parole." *Id*. at 2. In other words, the only issue on the table is Patterson's incarceration, not his conviction. And that incarceration has now ended.

Because this Court may not inquire as to the validity of Patterson's underlying conviction, and because the Second Circuit has asked this Court to review only the validity of his continued incarceration which has now ceased, all remaining claims are moot. *See Burnett v. Lampert*, 432 F.3d 996, 1001 (9th Cir. 2005) (prisoner's challenge to parole board's decision to defer his scheduled parole release date rendered moot by his release notwithstanding subsequent violation of parole and reincarceration); *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) ("We hold that [petitioner's] appeal is moot. His petition for habeas corpus merely challenges determinations that

delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments."); *Granville v. United States*, 613 F.2d 125, 126 (5th Cir. 1980) ("Since the District Court's denial of [petitioner's § 2255] motion and the subsequent docketing of this appeal, it has come to the Court's attention that . . . [the petitioner] was released from prison on parole. This development moots [his] contentions relating to failure[s] of the Parole Commission to grant him parole."); *Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot."); *Jackson v. Schult*, 2008 WL 5056851, at *2 (N.D.N.Y. Nov. 21, 2008) (same).

In sum, as a result of Patterson's release from custody on parole, the petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2, of the Constitution. A decision by this Court in his favor would not provide Patterson with any identifiable relief. Patterson has not demonstrated otherwise in his response to this Court's order to show cause. Accordingly, Patterson's petition for a writ of habeas corpus is dismissed as moot. The Clerk of Court shall close the file.

SO ORDERED.

Dated: August 14, 2019
        Buffalo, New York


                                           *s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE